13-4328-cv
Bryant v. Dasilva

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand fourteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

WAYNE BRYANT,

        *Plaintiff-Appellant*,

                v.                                    No. 13-4328-cv

ANTHONY DASILVA,

        *Defendant-Appellee*.[*]

_____

For Plaintiff-Appellant:          MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

For Defendant-Appellee:          VALERIE FIGUEREDO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

Counsel, *on the brief*), *for* Eric T. Schneidermann, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Wayne Bryant appeals from a November 7, 2013 judgment of the United States District Court for the Southern District of New York (Ramos, *J.*), granting summary judgment to Defendant-Appellee Anthony Dasilva on Bryant's claim under 42 U.S.C. § 1983. Bryant alleged that Dasilva, a New York State Trooper, unlawfully searched Bryant's car without a warrant after stopping him on the highway for driving without a seatbelt and then arresting him on an outstanding bench warrant. The district court granted Dasilva's motion for summary judgment, concluding that undisputed facts showed that Dasilva's search was a valid inventory search, and thus fell within a well-established exception to the Fourth Amendment's warrant requirement. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues presented for review.

This Court reviews a district court's grant of summary judgment *de novo*, resolving all ambiguities and drawing all reasonable inferences in favor of the non-moving party. *See Wrobel v. Cnty. of Erie*, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Bryant raises two arguments on this appeal. First, he argues that in *Arizona v. Gant*, 556 U.S. 332 (2009), the Supreme Court implicitly abrogated the inventory search exception to the

2

warrant requirement as applied to vehicle searches conducted contemporaneously with an arrest. *Gant* concerned the exception for searches conducted incident to an arrest, and held that a vehicle search falls within that exception "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351. While this holding narrowed law enforcement's ability to search the vehicle of an arrestee under the search-incident-to-arrest exception, *see id.* at 341–42, the Court in *Gant* did not mention, let alone purport to limit or eliminate, the separate exception for inventory searches. To the contrary, *Gant* expressly holds that where the requirements of the search-incident-to-arrest exception are not met, "a search of an arrestee's vehicle will be unreasonable *unless police obtain a warrant or show that another exception to the warrant requirement applies.*" *Id.* at 351 (emphasis added). Accordingly, there is no basis to conclude that *Gant* somehow abrogated the inventory search exception and overruled the longstanding precedents that have recognized and elaborated upon it. *See, e.g.*, *Colorado v. Bertine*, 479 U.S. 367 (1987).

Second, Bryant argues that certain factual inconsistencies precluded the district court from concluding on summary judgment that Dasilva's search constituted a valid inventory search. Because Bryant failed to raise this argument before the district court, we will not consider it on appeal. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (alteration in original) (quoting *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006)). While we have discretion to consider forfeited issues "where necessary to avoid a manifest injustice," *id.* at 133, the arguments Bryant now

3

presses were available to him below, and he has provided no explanation for his failure to raise them. *See id.* ("[T]he circumstances normally do not militate in favor of an exercise of discretion to address . . . new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below." (omission and second set of brackets in original) (quoting *Bogle-Assegai*, 470 F.3d at 504 (internal quotation marks omitted))).

We have considered all of the plaintiff-appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the decision of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK